UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BORIS NICKOLAEVICH SKUDNOV                                    PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:11CV-411-H

JUDGE THOMAS B. RUSSELL                                       DEFENDANT

# MEMORANDUM OPINION

Plaintiff Boris Nickolaevich Skudnov initiated this "action" by filing a document styled "motion for extension of time to file responsive pleading," a summons directed to Thomas B. Russell, Chief Judge, U.S. District Court, and a motion to proceed *in forma pauperis*. Plaintiff's pleading states simply, "comes the Plaintiff Boris Nickolaevich Skudnov and moves the Court for an extension of time through August 14, 2011, in which to file a responsive pleading."[1]

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Moreover, "[a] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

---

[1] At the time Plaintiff filed his pleading, he did not have any open actions against Defendant in this Court. Despite the unusual nature of the pleading, it does seem that Plaintiff's intent was to commence a new action.

Under the Federal Rules of Civil Procedure, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). The dismissal should issue as soon as the Court determines that subject-matter jurisdiction is lacking.

Plaintiff has not articulated any federal-law claims or pleaded any state-law claims that would meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332. In short, Plaintiff has not established any case or controversy over which this Court may exercise jurisdiction. Accordingly, for the reasons set forth above, the Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
4412.008